BRYAN SCHRODER
United States Attorney

MARIE C. SCHEPERLE
SETH M. BEAUSANG
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
Email: Marie.Scheperle@usdoj.gov
Email: Seth.Beausang@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANDREA LAURIA,<br><br>               Plaintiff,<br><br>  vs.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY and CHRIS HEITSTUMAN,<br><br>               Defendants. | Case No. 3:20-cv-00210-SLG |

**DEFENDANTS' MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

This complaint is purportedly brought under the Federal Tort Claims Act. Named as defendants are the United States Department of Homeland Security ("DHS"), and a former DHS law enforcement officer in his official capacity, Chris Heitstuman.[1] The first five counts allege intentional torts against Heitstuman and that DHS is vicariously liable for these intentional torts as Heitstuman's employer. The sixth count alleges that DHS negligently failed to supervise Heitstuman. The seventh and last count alleges negligent infliction of emotional distress against DHS.

Only the United States can be sued under the FTCA. Federal agencies and employees are not proper defendants. The Court should therefore dismiss Plaintiff's complaint against DHS and Heitstuman in his official capacity.

## Statement of Facts[2]

In 2017, Plaintiff Andrea Lauria was working as Head of Security for the Anchorage Museum. Dkt. 1 ¶ 7. On the morning of September 12, 2017, Plaintiff contacted law enforcement and reported an intoxicated woman causing a disturbance outside the museum. Dkt. 1 ¶ 8. Plaintiff waited outside

---

[1] Plaintiff's complaint appears to name Heitstuman only in his official capacity. This motion is brought only on behalf of Defendants DHS and Heitstuman in his official capacity.

[2] Facts in Plaintiff's complaint are assumed true only for purposes of this motion.

*Lauria v. United States Dep't of Homeland Security, et al.*
Case No. 3:20-cv-00210-SLG         2

for Anchorage police to arrive. *Id.* A law enforcement vehicle drove by and stopped. *Id.* The person inside was not an Anchorage Police Department officer, but instead Homeland Security Officer Chris Heitstuman. *Id.*

Heitstuman was in uniform and approached Plaintiff and gave the impression that he was responding to the scene. Dkt. 1 ¶ 9. Anchorage police officers subsequently arrived and arrested the woman who caused the disturbance. *Id.*

Heitstuman requested video footage of the incident from Plaintiff and the director of the museum purportedly as part of his investigation of the incident involving the intoxicated woman. Dkt. 1 ¶ 10. Plaintiff explained that it would take a while to download, and Heitstuman said she should contact him later that day when it was ready. *Id.*

Later that day, Heitstuman returned to the museum ostensibly to collect the footage. Dkt. 1 ¶ 11. At the museum, he told Plaintiff he wanted to watch the footage there. *Id.* Plaintiff explained they did not have equipment to watch it in the control booth. *Id.* Heitstuman and Plaintiff then went to Plaintiff's office to watch the footage on her computer. *Id.*

According to Plaintiff, Heitstuman sexually assaulted her in her office. Dkt. 1 ¶ 12. Heitstuman then sexually harassed Plaintiff over the following days. Dkt. 1 ¶ 13. On September 19, Heitstuman returned to Plaintiff's office

and raped her. Dkt. 1 ¶ 14. He continued to harass her through October 2017. Dkt. 1 ¶ 15. Ultimately, Plaintiff contacted the police and obtained a protective order in state court against Heitstuman. *Id.*

Plaintiff alleges, "[u]pon information and belief, the discovery process will show that the Department of Homeland Security had received prior complaints that Mr. Heitstuman acted in a sexually inappropriate manner toward members of the public," yet failed to "address these complaints and discipline and/or terminate Mr. Heitstuman." Dkt. 1 ¶ 17.

Plaintiff further alleges that, as a direct and proximate result of "Heitstuman's intentional acts and the culpable conduct of Defendant [Plaintiff] has suffered physical injury, pain, and ongoing extreme emotional distress." Dkt. 1 ¶ 16.

## Argument

### I. Standard of review.

Plaintiff bears the burden of persuading the Court that it has subject matter jurisdiction under the FTCA's general waiver of immunity. *See Prescott v. United States*, 973 F.2d 696, 701 (9th Cir. 1992).

## II. The Court does not have jurisdiction over Plaintiff's claims against DHS and Heitstuman in his official capacity.

The United States is the only proper defendant in an FTCA action. 28 U.S.C. § 2679; *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995); *see also Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam) (affirming dismissal of FTCA action against federal agency and federal employee sued in his official capacity). Plaintiff's claims against DHS and Heitstuman in his official capacity should be dismissed.

## Conclusion

For all of these reasons, the Court should dismiss Plaintiff's complaint against DHS and Heitstuman in his official capacity.

RESPECTFULLY SUBMITTED on October 15, 2020, at Anchorage, Alaska.

                                      BRYAN SCHRODER
                                      United States Attorney

                                      s/ Seth M. Beausang
                                      Assistant U.S. Attorney
                                      United States of America

                                      s/ Marie C. Scheperle
                                      Assistant U.S. Attorney
                                      United States of America

# CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2020,
a copy of the foregoing was served electronically
on:

Mera Matthews
John Cashion

<u>s/ Seth M. Beausang</u>

*Lauria v. United States Dep't of Homeland Security, et al.*
Case No. 3:20-cv-00210-SLG         6