Mera Matthews
Alaska Bar No. 0605020
John Cashion
Alaska Bar No. 9806025
CASHION GILMORE LLC
1007 W. 3rd Avenue, Suite 301
Anchorage, AK 99501
Telephone: (907) 222-7932
Facsimile: (907) 222-7938
Emails: mera@cashiongilmore.com
john@cashiongilmore.com

*Attorneys for Andrea Lauria*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANDREA LAURIA,<br><br>               Plaintiff,<br><br>vs.<br><br>UNITED STATES <u>OF AMERICA</u> <s>DEPARTMENT OF HOMELAND SECURITY</s> and CHRIS HEITSTUMAN,<br><br>               Defendant. | Case No. 3:20-cv-00210-SLG |

### SECOND AMENDED COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

COMES NOW Plaintiff Andrea Lauria, by and through her attorneys Cashion Gilmore LLC, and alleges and complains of the United States <u>of America</u> <s>Government</s> and Chris Heitstuman <s>as</s> follows:

SECOND AMENDED COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT
*Lauria v. US Dept. of Homeland Security et al.,* Case No. 3:20-cv-00210-SLG     Page 1 of 10

EXHIBIT B
Case 3:20-cv-00210-SLG   Document 9-2   Filed 11/02/20   Page 1 of 10
Page 1 of 10

## I. PARTIES, JURISDICTION, and VENUE

1. Plaintiff Andrea Lauria is and at all times relevant hereto was an individual residing in the State of Alaska.

2. The claims herein are brought against Defendant United States of America ~~Department of Homeland Security~~ pursuant to the Federal Tort Claims Act for money damages. Money damages are sought as compensation for personal injuries that were caused by the negligent and wrongful acts and omissions of <u>law enforcement</u> employees of the United States <u>of America</u> ~~Department of Homeland Security~~ while acting within the scope of their offices and employment, under circumstances where the United States ~~Department of Homeland Security~~, if a private person, would be liable to Plaintiff in accordance with the laws of the State of Alaska. The claims brought herein are based on acts and omissions of law enforcement officers of the United States Government who were at the time the incidents occurred empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

3. Venue is proper in that the acts and omissions forming the basis of these claims occurred in Alaska.

4. Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

5. This suit has been timely filed in that Plaintiff served notice of the claims on the <u>United States</u> Department of Homeland Security and Federal Protective

SECOND AMENDED COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT
*Lauria v. US Dept. of Homeland Security et al.,* Case No. 3:20-cv-00210-SLG     Page 2 of 10

EXHIBIT B
Case 3:20-cv-00210-SLG   Document 9-2   Filed 11/02/20   Page 2 of 10   Page 2 of 10

Service in August 2019. <u>Prior to filing the complaint in this action</u> no decision was rendered by the government.

## II. FACTUAL BACKGROUND

6. At all times relevant hereto Chris Heitstuman was a law enforcement officer for the Department of Homeland Security headquartered at 620 E. 10th Avenue, Anchorage, Alaska 99501.

7. In the fall of 2017 Andrea Lauria worked as Head of Security for the Anchorage Museum at Rasmuson Center.

8. On the morning of September 12, 2017, Ms. Lauria contacted law enforcement because of an intoxicated woman causing a disturbance outside the museum. Ms. Lauria waited outside for Anchorage police to arrive. A law enforcement vehicle drove by and stopped. The person inside was not an Anchorage Police officer, but instead Homeland Security Officer Chris Heitstuman.

9. Heitstuman was in uniform and approached Ms. Lauria and gave the impression that he was responding to the scene. Anchorage Police officers arrived subsequently and arrested the woman who caused the disturbance.

10. As part of his investigation Heitstuman requested video footage of the incident from Ms. Lauria and Julie Decker, the Director of the Anchorage Museum at Rasmuson Center. Ms. Lauria explained that it would take a while to download, and Heitstuman said she should contact him later that day when it was ready.

SECOND AMENDED COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT
*Lauria v. US Dept. of Homeland Security et al.,* Case No. 3:20-cv-00210-SLG   Page 3 of 10

EXHIBIT B
Case 3:20-cv-00210-SLG   Document 9-2   Filed 11/02/20   Page 3 of 10   Page 3 of 10

11. Ms. Lauria followed this direction, and Heitstuman returned to the museum ostensibly to collect the footage. At the museum, he told Ms. Lauria he wanted to watch the footage there. Ms. Lauria explained they did not have equipment to watch it in the control booth. Heitstuman and Ms. Lauria went to Ms. Lauria's office to watch the footage on her computer.

12. After watching the video footage Heitstuman attacked Ms. Lauria. Heitstuman forced her to bend forward over a chair, grabbed her breasts, and thrust his groin against her vaginal area, causing pain. Ms. Lauria told him to stop and tried to push him off of her. After the attack Heitstuman threatened Ms. Lauria, pointing to his uniform and stating that no one would believe her because of his position in law enforcement.

13. Heitstuman contacted Ms. Lauria several times over the following days, demanding that she engage with him in a sexually explicit manner. She felt threatened and attempted to appease him.

14. Heitstuman returned to the museum on or about September 19, 2017, while Ms. Lauria was working. Heitstuman came to the museum in his Homeland Security uniform on the pretext of following up on the investigation of the September 12 incident. Heitstuman went to Ms. Lauria's office where he again forcibly bent her forward and grabbed her breasts and genital area. Heitstuman proceeded to rape Ms. Lauria in her office. As Heitstuman was leaving the office he crossed paths with Julie Decker and told her he was following up on the investigation. Heitstuman again

SECOND AMENDED COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT
*Lauria v. US Dept. of Homeland Security et al.,* Case No. 3:20-cv-00210-SLG          Page 4 of 10

EXHIBIT B
Case 3:20-cv-00210-SLG   Document 9-2   Filed 11/02/20   Page 4 of 10   Page 4 of 10

threatened Ms. Lauria not to tell anyone about the assault, saying that because he was a Homeland Security officer no one would believe her.

15. Heitstuman continued to harass Ms. Lauria through October 2017. Ultimately, she contacted the police and obtained a protective order in state court against him.

16. As a direct and proximate result of Officer Heitstuman's intentional acts and the culpable conduct of <u>the</u> Defendant, Ms. Lauria has suffered physical injury, pain, and ongoing extreme emotional distress.

17. Upon information and belief, the discovery process will show that the ~~Department of Homeland Security~~ <u>United States of America</u> had received prior complaints that Mr. Heitstuman acted in a sexually inappropriate manner toward members of the public. Because the ~~Department of Homeland Security~~ <u>United States of America</u> failed to address these complaints and discipline and/or terminate Mr. Heitstuman, Ms. Lauria was subjected to repeated assaults, stalking, and harassment.

### III. FIRST CAUSE OF ACTION—ASSAULT and BATTERY

18. The statements made above are fully incorporated herein as if separately stated.

19. On September 12, 2017, Homeland Security Agent Chris Heitstuman sexually assaulted Plaintiff by pushing her over a chair and grabbing her breasts in violation of Alaska Statute 11.41.420(a)(1). Heitstuman's actions caused pain and emotional distress that continues to this day.

SECOND AMENDED COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT
*Lauria v. US Dept. of Homeland Security et al.,* Case No. 3:20-cv-00210-SLG    Page 5 of 10

EXHIBIT B
Case 3:20-cv-00210-SLG   Document 9-2   Filed 11/02/20   Page 5 of 10   Page 5 of 10

20. During the assault Homeland Security Agent Heitstuman was on duty, in uniform, and acting in his official capacity or within the scope of his employment. The United States ~~Department of Homeland Security is vicariously~~ of America is liable for Agent Heitstuman's intentional actions against Plaintiff.

### IV. SECOND CAUSE OF ACTION—ASSAULT and BATTERY

21. The statements made above are fully incorporated herein as if separately stated.

22. On September 12, 2017, Homeland Security Agent Chris Heitstuman sexually assaulted Plaintiff by pressing his groin into Plaintiff's groin area without consent in violation of Alaska Statute 11.41.420(a)(1). Heitstuman's wrongful conduct caused Plaintiff to suffer physical and emotional pain which she continues to experience to this day.

23. Homeland Security Agent Heitstuman was on duty, in uniform, and acting in his official capacity or within the scope of his employment when this occurred. The United States ~~Department of Homeland Security is vicariously~~ of America is liable for Agent Heitstuman's intentional actions against Plaintiff.

### V. THIRD CAUSE OF ACTION—ASSAULT and BATTERY

24. The statements made above are fully incorporated herein as if separately stated.

25. On September 19, 2017, Homeland Security Officer Heitstuman came to the museum in uniform and on duty purportedly to follow up on the investigation of the

SECOND AMENDED COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT
*Lauria v. US Dept. of Homeland Security et al.,* Case No. 3:20-cv-00210-SLG            Page 6 of 10

EXHIBIT B
Case 3:20-cv-00210-SLG   Document 9-2   Filed 11/02/20   Page 6 of 10   Page 6 of 10

incident on September 12, 2017. Homeland Security Officer Heitstuman then raped the plaintiff in violation of Alaska Statute 11.41.410(a)(1). Heitstuman's wrongful conduct subjected Plaintiff to physical pain, anguish, and extreme emotional distress that continues to this day.

26. Homeland Security Officer Heitstuman was on duty, in uniform, and acting in his official capacity or within the scope of his employment when this occurred. The United States ~~Department of Homeland Security is vicariously~~ of America is liable for Agent Heitstuman's intentional actions against Plaintiff.

## VI. FOURTH CAUSE OF ACTION—HARRASSMENT

27. The statements made above are fully incorporated herein as if separately stated.

28. Heitstuman repeatedly intended to and did harass plaintiff. Heitstuman made contact with Plaintiff in an obscene manner and that threatened sexual contact in violation of Alaska Statute 11.61.120(a).

29. Heitstuman's harassing behavior occurred when he was at work performing his duties within the scope of his employment. The United States ~~Department of Homeland Security is vicariously~~ of America is liable for Agent Heitstuman's intentional actions against Plaintiff.

30. Because of the harassment Plaintiff suffered harm including fear and emotional distress.

SECOND AMENDED COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT
*Lauria v. US Dept. of Homeland Security et al.,* Case No. 3:20-cv-00210-SLG      Page 7 of 10

EXHIBIT B
Case 3:20-cv-00210-SLG   Document 9-2   Filed 11/02/20   Page 7 of 10
Page 7 of 10

## VII. FIFTH CAUSE OF ACTION—STALKING

31. The statements made above are fully incorporated herein as if separately stated.

32. Heitstuman knowingly engaged in a course of conduct that placed Plaintiff in fear of physical injury in violation of Alaska Statute 11.41.260(a)(4).

33. Heitstuman's behavior occurred when he was at work or performing official work duties within the scope of his employment. The United States ~~Department of Homeland Security is vicariously~~ <u>of America is</u> liable for Agent Heitstuman's intentional actions against Plaintiff.

34. Because of the stalking Plaintiff suffered harm including fear and emotional distress.

## VIII. SIXTH CAUSE OF ACTION—FAILURE TO SUPERVISE

35. The statements made above are fully incorporated herein as if separately stated.

36. The United States Department of Homeland Security owed a duty to the Plaintiff to exercise due care in supervising Agent Heitstuman in the performance of his employment.

37. The United States Department of Homeland Security failed to exercise due care in supervising Agent Heitstuman and Plaintiff suffered harm as a result.

SECOND AMENDED COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT
*Lauria v. US Dept. of Homeland Security et al.*, Case No. 3:20-cv-00210-SLG        Page 8 of 10

EXHIBIT B
Case 3:20-cv-00210-SLG   Document 9-2   Filed 11/02/20   Page 8 of 10   Page 8 of 10

## IX. SEVENTH CAUSE OF ACTION—NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

38. The statements made above are fully incorporated herein as if separately stated.

39. The United States Department of Homeland Security owed a duty Plaintiff and negligently breached this duty. The United States Department of Homeland Security's negligence caused Plaintiff to experience severe emotional distress.

## X. EIGHT CAUSE OF ACTION—AIDED IN AGENCY

**40. The statements made above are fully incorporated herein as if separately stated.**

**41. Chris Heitstuman's work as a Homeland Security Officer for the United States of America gave Heitstuman substantial power and authority over Plaintiff's position as head of security at the museum.**

**42. This power and authority played a substantial role in bringing about the sexual assaults and harassment suffered by plaintiff.**

**WHEREFORE,** Plaintiff prays for the following relief:

1. For judgment in Plaintiff's favor awarding damages as stated in the claim previously made to the Department of Homeland Security;

2. For the award of attorneys' fees and costs;

3. For such other and further relief that the court deems just and proper.

DATED this ___ day of November, 2020, at Anchorage, Alaska.

SECOND AMENDED COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT
*Lauria v. US Dept. of Homeland Security et al.,* Case No. 3:20-cv-00210-SLG          Page 9 of 10

EXHIBIT B
Case 3:20-cv-00210-SLG   Document 9-2   Filed 11/02/20   Page 9 of 10   Page 9 of 10

CASHION GILMORE LLC
Attorneys for Andrea Lauria

/s/ *Mera Matthews*

_____
Mera Matthews
Alaska Bar No. 0605020
John P. Cashion
Alaska Bar No. 9806025

SECOND AMENDED COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT
*Lauria v. US Dept. of Homeland Security et al.,* Case No. 3:20-cv-00210-SLG        Page 10 of 10

EXHIBIT B
Case 3:20-cv-00210-SLG   Document 9-2   Filed 11/02/20   Page 10 of 10 Page 10 of 10