BRYAN SCHRODER
United States Attorney

MARIE C. SCHEPERLE
SETH M. BEAUSANG
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
Email: Marie.Scheperle@usdoj.gov
Email: Seth.Beausang@usdoj.gov

Attorneys for Defendant United States

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| ANDREA LAURIA, | ) | Case No. 3:20-cv-00210-SLG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **UNITED STATES' MOTION TO** |
| vs. | ) | **DISMISS FOR LACK OF** |
| | ) | **SUBJECT MATTER** |
| UNITED STATES and CHRIS | ) | **JURISDICTION** |
| HEITSTUMAN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

The Second Amended Complaint [Dkt. 15] contains claims against the

United States pursuant to the Federal Tort Claims Act ("FTCA"), and state law

tort claims against Chris Heitstuman, a former United States Department of Homeland Security ("DHS") law enforcement officer. The FTCA claims allege that Heitstuman committed various intentional torts while acting within the scope of his office or employment as a federal law enforcement officer, that the United States negligently failed to supervise Heitstuman, negligent infliction of emotional distress, and an aided-in-agency theory of liability against the United States. The state law tort claims against Heitstuman allege that he committed intentional torts when he sexually assaulted, harassed, and stalked Plaintiff in violation of a state criminal statute, AS 11.41.260(a)(4), and caused Plaintiff fear and emotional distress.

The Court should dismiss the FTCA claims against the United States. The Court does not have jurisdiction over the intentional tort claims against the United States based on the actions of Heitstuman, because Plaintiff's allegations show Heitstuman was acting outside the scope of his employment when he engaged in the conduct alleged in the complaint.

The Court does not have jurisdiction over Plaintiff's negligence claims against the United States because she did not present a negligence claim to the appropriate agency before bringing those claims, as required by the FTCA.

Finally, the Court does not have jurisdiction over claims against the United States based on an aided-in-agency theory of tort liability, because

*Lauria v. United States Dep't of Homeland Security, et al.*
Case No. 3:20-cv-00210-SLG            2

liability under that theory is premised on an employee acting *outside* the scope of their employment, while jurisdiction under the FTCA is only available for tort claims based on the conduct of a federal employee acting *within* the scope of his office or employment.

For these reasons, the Court should dismiss Plaintiff's FTCA claims against the United States.

## Statement of Facts[1]

In 2017, Plaintiff Andrea Lauria was working as Head of Security for the Anchorage Museum. Dkt. 15 ¶ 7. On the morning of September 12, 2017, Plaintiff contacted law enforcement and reported an intoxicated woman causing a disturbance outside the museum. *Id.* ¶ 8. Plaintiff waited outside for Anchorage police to arrive. *Id.* A law enforcement vehicle drove by and stopped. *Id.* The person inside was not an Anchorage Police Department officer, but instead Homeland Security Officer Chris Heitstuman. *Id.*

Heitstuman was in uniform, approached Plaintiff, and gave the impression that he was responding to the scene. *Id.* ¶ 9. Anchorage police

---

[1] Except where indicated, the facts are taken from the Second Amended Complaint, and the facts in the complaint are assumed true only for purposes of this motion.

*Lauria v. United States Dep't of Homeland Security, et al.*
Case No. 3:20-cv-00210-SLG          3

officers subsequently arrived and arrested the woman who caused the disturbance. *Id.*

Heitstuman requested video footage of the incident from Plaintiff purportedly as part of his investigation of the incident. *Id.* ¶ 10. Plaintiff explained that it would take a while to download, and Heitstuman said she should contact him later that day when it was ready. *Id.*

Later that day, Heitstuman returned to the museum ostensibly to collect the footage. *Id.* ¶ 11. At the museum, he told Plaintiff he wanted to watch the footage there. *Id.* Plaintiff explained they did not have equipment to watch it in the control booth. *Id.* Heitstuman and Plaintiff then went to Plaintiff's office to watch the footage on her computer. *Id.*

According to Plaintiff, Heitstuman sexually assaulted her in her office. *Id.* ¶ 12. Heitstuman then sexually harassed Plaintiff over the following days. *Id.* ¶ 13. On September 19, Heitstuman returned to Plaintiff's office and raped her. *Id.* ¶ 14. He then continued to harass her through October 2017. *Id.* ¶ 15. Ultimately, Plaintiff contacted the police and obtained a protective order in state court against Heitstuman. *Id.*

Plaintiff alleges, "[u]pon information and belief, the discovery process will show that the United States of America had received prior complaints that Mr. Heitstuman acted in a sexually inappropriate manner toward members of

*Lauria v. United States Dep't of Homeland Security, et al.*
Case No. 3:20-cv-00210-SLG          4

the public," and that Plaintiff "was subjected to repeated assaults, stalking, and harassment" because "the United States of America failed to address these complaints and discipline and/or terminate Mr. Heitstuman." *Id.* ¶ 17. Plaintiff further alleges that she "suffered physical injury, pain, and ongoing extreme emotional distress" as a direct and proximate result of the alleged tortious conduct. *Id.* ¶ 16.

On September 4, 2019, DHS received a FTCA administrative claim for damages from Plaintiff. Ex. A.[2] In the part of the claim form that directed Plaintiff to state the nature and extent of each injury, Plaintiff responded that she "suffered physical pain and continues to suffer extreme emotional harm due to the intentional acts of DHS officer Chris Heitstuman." *Id.* at 3. She did not allege that DHS had been negligent. She attached to the form a four-page pleading-style document that largely mirrors the parts of her Second Amended Complaint that allege that Heitstuman committed intentional torts, but omits the parts of her complaint that allege that the United States or any person committed negligence. *Id.* at 5-9. She also attached a copy of a newspaper article about the incident, which states that a woman outside the museum

---

[2] The claim was purportedly mailed on August 28. Ex. A. A claim is deemed presented when it is received, but whether the claim in this case was presented in August or September is immaterial.

*Lauria v. United States Dep't of Homeland Security, et al.*
Case No. 3:20-cv-00210-SLG          5

made threats, including bomb threats, that the police responded and subdued the woman, that no explosives were found, and that the woman was arrested. *Id.* at 9. No part of Plaintiff's administrative claim alleged negligence on the part of the United States or any person.

## Argument

### I. Standards of review.

Plaintiff bears the burden of persuading the Court that it has subject matter jurisdiction under the FTCA's general waiver of immunity. *See Prescott v. United States*, 973 F.2d 696, 701 (9th Cir. 1992).

On a motion to dismiss for lack of subject matter jurisdiction, the Court is generally "not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

Concerning the scope-of-employment issue, where, as here, "the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment." *Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005). Under a summary judgment standard, the Court should grant the United

*Lauria v. United States Dep't of Homeland Security, et al.*
Case No. 3:20-cv-00210-SLG          6

States' motion if there is no genuine issue as to any material fact and the United States is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Concerning the exhaustion issue, Plaintiff bears the burden of establishing jurisdiction under the FTCA and must affirmatively allege compliance with the FTCA's administrative exhaustion requirement. *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980). The Court is not bound by Plaintiff's conclusory allegations if the evidence shows that Plaintiff failed to exhaust any of her claims. *McCarthy*, 850 F.2d at 560; *Knight v. U.S. Postal Serv.*, No. CIV. 06-1318-TC, 2007 WL 2733820, at *2 (D. Or. Sept. 12, 2007).

As with any waiver of sovereign immunity, the FTCA's waiver must be strictly construed in favor of the United States. *See United States v. Nordic Vill. Inc.*, 503 U.S. 30, 33-34 (1992). Questions of FTCA immunity, including whether the complaint alleges acts within the scope of the office or employment of a federal employee, should be decided at an early stage of the litigation unless disputed issues of fact exist relevant to immunity. *See, e.g., Arthur v. United States*, 45 F.3d 292, 295 (9th Cir. 1995).

**II.   The Court does not have jurisdiction over Plaintiff's FTCA claims based on the intentional torts by Heitstuman because the conduct alleged in the complaint involves acts outside the scope of Heitstuman's employment.**

*Lauria v. United States Dep't of Homeland Security, et al.*
Case No. 3:20-cv-00210-SLG          7

The Court does not have jurisdiction over intentional tort claims against the United States, based on the actions of Heitstuman, because Plaintiff's allegations show Heitstuman was acting outside the scope of his employment when he sexually assaulted, harassed, and stalked Plaintiff.

The FTCA only applies to claims based on the conduct of a federal employee "acting within the scope of his office or employment." *Mendenhall v. United States*, No. 3:20-cv-00156-SLG, 2020 WL 5219531, at *2 (D. Alaska Sept. 1, 2020) (quoting 28 U.S.C. § 1346(b)). There is no jurisdiction under the FTCA for tort claims premised on a federal employee's acts outside the scope of his employment. *Id.*

"FTCA scope of employment determinations are made 'according to the principles of respondeat superior of the state in which the alleged tort occurred.' " *Id.* at *3 (quoting *Wilson v. Drake*, 87 F.3d 1073, 1076 (9th Cir. 1996)). Under Alaska law, "[t]he scope of employment is a fact specific inquiry for the jury unless the facts are undisputed or lend themselves to only one conclusion." *Id.* (quoting *Lane v. City of Juneau*, 421 P.3d 83, 94 (Alaska 2018)). Relevant factors include whether the employee "(1) performs the kind of work the employee was hired to perform, (2) acts within the employer's 'authorized time and space limits,' and (3) acts in order to further the employer's interests." *Id.* The Alaska Supreme Court has "noted that even crimes and intentional

*Lauria v. United States Dep't of Homeland Security, et al.*
Case No. 3:20-cv-00210-SLG        8

torts may be within the scope of employment if they serve the employer's interests[.]" *Id.*

However, this Court and the Alaska Supreme Court have emphasized that an "employee is not acting within the scope of employment unless his actions are 'actuated, at least in part, by a purpose to serve the master.' " *D.W.J. v. Wausau Bus. Ins. Co.*, 192 F. Supp. 3d 1014, 1020 (D. Alaska 2016) (quoting *VECO, Inc. v. Rosebrock*, 970 P.2d 906, 924 n. 36 (Alaska 1999)). The Alaska Supreme Court has concluded that "imposing vicarious liability under a scope of employment theory absent at least a partial purpose on the part of the employee to serve the employer seems unjustified." *Id.* at 1020. "Under *Rosebrock*, an employee must be acting at least in part with a purpose to serve the master, and an employee perpetrating a sexual assault cannot do such." *Id.*

Addressing the third factor first, which the Alaska Supreme Court has found to be determinative, Plaintiff fails to allege facts showing that Heitstuman was acting in order to further the government's interests. The Court need look no further than the Second Amended Complaint to conclude that Heitstuman's alleged intentional torts were outside the scope of his employment. Those intentional torts involve sexual assault, sexual harassment, and stalking. Dkt. 15 ¶¶ 18-44. As a matter of law, those kinds of

*Lauria v. United States Dep't of Homeland Security, et al.*
Case No. 3:20-cv-00210-SLG          9

intentional acts with a sexual motive are not within the scope of employment of a federal law enforcement officer. *D.W.J.*, 192 F. Supp. 3d at 1020; *see also Svacek v. Shelley*, 359 P.2d 127, 130 (Alaska 1961) ("By no stretch of the imagination can one say that [the employee], who was hired solely as a plumber, was acting within the scope of his employment, that is, in the accomplishment of any of the objects of his employment, when he attacked the plaintiff with a butcher knife."); *cf. Flechsig v. United States*, 991 F.2d 300, 303 (6th Cir. 1993) (applying Kentucky law and dismissing FTCA claim because, "taking the facts as plaintiff alleges them, the sexual assault by Officer Trent obviously is far from what he was employed to do, his apartment clearly is outside the space limit of his employment, and it would be impossible to assert that he was actuated in any way by the purpose of serving the Bureau of Prisons").

Although the third factor is determinative of the scope-of-employment question in this case, the other factors also weigh against finding that Heitstuman was acting within the scope of his employment. Plaintiff alleges Heitstuman's assaults and subsequent harassment occurred while he was purportedly investigating "an intoxicated woman causing a disturbance outside the museum." Dkt. 15 ¶ 8. Under 40 U.S.C. § 1315(b)(2), DHS officers have limited powers that do not include authority to investigate local crimes.

*Lauria v. United States Dep't of Homeland Security, et al.*
Case No. 3:20-cv-00210-SLG          10

Even if the Court were to assume that Heitstuman may have had authority under § 1315(b)(2)(E) to initially respond to the museum because of the possibility of a bomb and the museum's proximity to federal property,[3] strictly construing the FTCA's waiver in favor of the United States, the Court should conclude that Heitstuman lacked authority to return to the museum later that day, or to contact Plaintiff on subsequent days, on the pretext of continuing to investigate the intoxicated woman. That is especially true since the police had immediately arrested the woman and no bomb was found, as the materials Plaintiff submitted with her claim show. Ex. A at 9. Plaintiff has failed to plausibly allege that Heitstuman's job authorized him to return to the museum or harass Plaintiff in the weeks that followed on the pretense of investigating a local crime. *Cf. Delbridge v. United States*, No. 12-CV-11510, 2013 WL 4417532, at *4 (E.D. Mich. Aug. 15, 2013) (dismissing FTCA claim, and holding that an ICE agent was acting outside the scope of his employment when he allegedly assaulted the plaintiff while purporting to investigate a robbery, because the plaintiff's allegations did not show that the agent was "furthering any ICE interest by 'investigating' the robbery of his mother's home").

---

[3] The Court can take judicial notice of the museum's proximity to the federal building across the street.

*Lauria v. United States Dep't of Homeland Security, et al.*
Case No. 3:20-cv-00210-SLG          11

For all of these reasons, the Court should dismiss the FTCA claims based on Heitstuman's intentional torts.

## III. The Court does not have jurisdiction over Plaintiff's negligence-based FTCA claims because she did not first present those negligence claims to the appropriate agency.

The Court does not have jurisdiction over Plaintiff's negligence claims because she did not first present a negligence claim to DHS before bringing this case, as required under the FTCA.

The FTCA, 28 U.S.C. § 2675(a), requires that a plaintiff file and exhaust an administrative claim before filing suit against the United States:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

Here, Plaintiff filed an administrative claim with DHS. Ex. A. However, the allegations she included in the claim relate only to Heitstuman's intentional acts; none of her allegations mention or even hint at negligence by DHS. *Id*. Thus, Plaintiff failed to administratively exhaust her claim that DHS was negligent. *See, e.g.*, *Gonzagowski v. United States*, No. CIV 19-0206 JB\LF, 2020 WL 5209470, at *42 (D.N.M. Sept. 1, 2020) (dismissing

negligence claim for lack of subject matter jurisdiction because the plaintiff's "administrative claim alleges assault, and makes no allegation pertaining to the United States' negligent hiring, supervision, and training of the security officers involved in the assault"); *Dudley v. United States*, No. 4:19-CV-317-O, 2020 WL 532338, at *11 (N.D. Tex. Feb. 3, 2020) (dismissing negligence claim for lack of subject matter jurisdiction because the plaintiff "did not reference any prior incidents involving [the officer accused of assault], any prior incidents involving other individuals at FMC-Carswell, and did not assert any complaint about BOP's hiring, supervision, training, or retention of its employees in general or of [the officer]"); *see generally Goodman v. United States*, 298 F.3d 1048, 1055 (9th Cir. 2002) (holding that, to exhaust an FTCA claim, "the administrative claim must narrate facts from which a legally trained reader would infer" the FTCA claim subsequently brought in court) (quoting *Murrey v. United States*, 73 F.3d 1448, 1453 (7th Cir. 1996)).

For all of these reasons, the Court should dismiss Plaintiff's negligence-based FTCA claims.[4]

## IV. The Court does not have jurisdiction under the FTCA over an aided-in-agency theory of tort liability.

---

[4] Were Plaintiff to present her negligence claims to DHS now, those claims would be barred by the FTCA's two-year statute of limitations. 28 U.S.C. § 2401(b).

As explained, the FTCA only applies to tort claims based on the conduct of a federal employee "acting within the scope of his office or employment." *Mendenhall*, 2020 WL 5219531, at *2. By contrast, Alaska law recognizes an aided-in-agency theory of tort liability that makes employers liable for the tortious acts of an employee who are acting *outside* the scope of their employment, when the employee "was aided in accomplishing the tort by the existence of the agency relation." *Ayuluk v. Red Oaks Assisted Living, Inc.*, 201 P.3d 1183, 1198 (Alaska 2009) (quoting Restatement (Second) of Agency § 219(2)(d)); *see also Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 758 (1998) (noting that, under the Restatement, the aided-in-agency theory of liability can "impose liability on employers even where employees commit torts outside the scope of employment"). Because the aided-in-agency theory of liability only applies when an employee is acting outside the scope of their employment, that theory of tort liability is not available under the FTCA.

The Fifth Circuit affirmed dismissal of a similar aided-in-agency claim in *Wright ex rel. Wright v. United States*, 639 Fed. App'x 219 (5th Cir. 2016). In that case, a supervisor with the federal Transportation Security Administration murdered a subordinate employee with whom he was having an affair, which had begun in the workplace. 639 Fed. App'x at 220. The plaintiff, the decedent's husband, sued the United States for wrongful death

*Lauria v. United States Dep't of Homeland Security, et al.*
Case No. 3:20-cv-00210-SLG          14

under the FTCA and argued in part that the United States should be liable under an aided-in-agency theory because the murderer was allegedly aided by his federal employment. *Id.* at 223. The Fifth Circuit rejected that claim, holding that because the aided-in-agency theory only applied to acts committed outside the scope of employment, that "ground for liability… is not available under the provisions of the FTCA." *Id.* The Court should reach the same result here.

## Conclusion

For all of these reasons, the Court should dismiss Plaintiff's FTCA claims against the United States.

RESPECTFULLY SUBMITTED on November 16, 2020, at Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/ Seth M. Beausang
Assistant U.S. Attorney
United States of America

s/ Marie C. Scheperle
Assistant U.S. Attorney
United States of America

*Lauria v. United States Dep't of Homeland Security, et al.*
Case No. 3:20-cv-00210-SLG          15

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2020,
a copy of the foregoing was served electronically
on:

Mera Matthews
John Cashion

<u>s/ Seth M. Beausang</u>