# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

ANDREA LAURIA,

            Plaintiff,

      v.

UNITED STATES OF AMERICA and
BERT CHRISTOPHER
HEITSTUMAN,

            Defendants.

Case No. 3:20-cv-00210-SLG

## ORDER

Plaintiff Andrea Lauria filed her complaint in this action on August 26, 2020.[1]

Ms. Lauria contends that the United States is both directly and vicariously liable

for the actions of a former Department of Homeland Security ("DHS") employee,

Bert Christopher Heitstuman, who Ms. Lauria alleges sexually assaulted, stalked,

and harassed her while acting in his official capacity or within the scope of his

employment.[2] Her complaint also asserts state law allegations against Mr.

Heitstuman.[3] Ms. Lauria filed proof of service on Mr. Heitstuman with this Court

on July 7, 2021, and Mr. Heitstuman subsequently failed to file a timely answer.[4]

---

[1] Docket 1 (Compl.).

[2] *See* Docket 25 (Third Amended Compl.).

[3] *See* Docket 25.

[4] Docket 30 (Notice of Service); Docket 32 (Min. Order); Docket 34 (Mot. for Entry of Default).

Accordingly, Ms. Lauria moved for entry of default for Mr. Heitstuman on September 2, 2021, and the Clerk of Court entered the default the following day.[5] Mr. Heitstuman filed his answer the same day—September 3, 2021—but after the default had been entered.[6]

The Court will treat Mr. Heitstuman's untimely answer as including an implied motion to set aside the default.[7] Accordingly, Ms. Lauria will have **7 days from the date of this order** to file a response to setting aside the default.

DATED this 8th day of December, 2021 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[5] Docket 34; Docket 35 (Entry of Default).

[6] *See* Docket 35; Docket 36 (Heitstuman Answer).

[7] *See McMillen v. J.C. Penney Co.*, 205 F.R.D. 557, 558 (D. Nev. 2002) ("'[T]he filing of a late answer is analogous to a motion to vacate a default,' because 'the party filing the late answer receives "the same opportunity to present mitigating circumstances that [it] would have had if a default had been entered and [it] had moved under Rule 55(a) to set it aside."'" (second and third alterations in original) (quoting *John v. Sotheby's, Inc.*, 141 F.R.D. 29, 35 (S.D.N.Y. 1992))).

Case No. 3:20-cv-00210-SLG, *Lauria v. United States, et al.*
Order
Page 2 of 2
Case 3:20-cv-00210-SLG   Document 40   Filed 12/08/21   Page 2 of 2