# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANDREA LAURIA,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA and BERT CHRISTOPHER HEITSTUMAN,<br><br>    Defendants. | Case No. 3:20-cv-00210-SLG |

## ORDER RE MOTION TO SET ASIDE DEFAULT

Before the Court at Docket 36 is Bert Christopher Heitstuman's *Motion to Set Aside Default/Answer to Third Amended Complaint*.[1] Plaintiff Andrea Lauria filed an opposition to the motion at Docket 41. Oral argument was not requested and was not necessary to the Court's determination.

Ms. Lauria initiated this action in August 2020 against the United States and Mr. Heitstuman, a former employee of the Department of Homeland Security ("DHS").[2] Ms. Lauria contends that the United States is both directly and vicariously liable for the actions of Mr. Heitstuman, who Ms. Lauria alleges sexually assaulted, stalked, and harassed her while acting in his official capacity or within

---

[1] *See* Docket 40 (treating untimely answer as implied motion to set aside default).

[2] Docket 1.

the scope of his employment.[3] She also asserts state law claims against Mr. Heitstuman.[4] Ms. Lauria served Mr. Heitstuman with the operative complaint on July 2, 2021, and moved for entry of default against Mr. Heitstuman on September 2, 2021. The Clerk of Court entered default the following day, on September 3, 2021.[5] Later that same day, but after the default had been entered, Mr. Heitstuman filed an untimely answer,[6] which the Court subsequently elected to treat as an implied motion to set aside the default.[7]

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that the court may set aside an entry of default for "good cause." Three factors are considered when determining whether good cause exists: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether that party had a meritorious defense; and (3) whether reopening the entry of default would prejudice the other party.[8] This standard is "disjunctive," meaning that a court may refuse to set aside the default if it finds against the movant on any one

---

[3] *See* Docket 25.

[4] Docket 25.

[5] Docket 34; Docket 35.

[6] Docket 36.

[7] *See* Docket 40. There has been no entry of a default judgment in this case, only the entry of default. *See* Rule Fed. R. Civ. P. 55; Local Civil Rule 55.1.

[8] *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

Case No. 3:20-cv-00210-SLG, *Lauria v. United States, et al.*
Order re Motion to Set Aside Default
Page 2 of 4
Case 3:20-cv-00210-SLG   Document 44   Filed 02/01/22   Page 2 of 4

of the three factors.[9]  However, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits."[10]

### DISCUSSION

First, the Court finds that Mr. Heitstuman did not engage in culpable conduct as defined by the Ninth Circuit in this context.  His delay in responding to Ms. Lauria's complaint does not appear to have been intended to "take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process."[11]  Mr. Heitstuman appears to have encountered difficulty in retaining counsel; on July 21, 2021, his then-counsel for a separate criminal case contacted Ms. Lauria's counsel and stated that he was unsure if he would represent Mr. Heitstuman in this litigation, and Mr. Heitstuman subsequently filed his answer pro se on September 3, 2021.[12]  Particularly because Mr. Heitstuman filed his answer only one day after Ms. Lauria moved for entry of default, the Court finds that his delayed filing did not rise to the level of "culpable conduct."[13]

---

[9] *Id.*

[10] *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

[11] *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2000), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001).

[12] *See* Docket 36; Docket 41-4 at 1.  Mr. Heitstuman has since retained counsel.  *See* Docket 39.

[13] *See Knoebber*, 244 F.3d at 697 (noting that "culpable conduct" typically entails more than a movant's careless failure to respond to a pleading of which they have notice).

Case No. 3:20-cv-00210-SLG, *Lauria v. United States, et al.*
Order re Motion to Set Aside Default
Page 3 of 4

Case 3:20-cv-00210-SLG   Document 44   Filed 02/01/22   Page 3 of 4

Second, Mr. Heitstuman's answer denies many of the allegations in Ms. Lauria's complaint and asserts several affirmative defenses.[14] Such assertions, if proven true, could constitute meritorious defenses to Ms. Lauria's claims.

Third, the Court finds that setting aside the default would not result in prejudice to Ms. Lauria.[15] Although Ms. Lauria asserts that setting aside the default "will prolong this matter," it does not appear that Mr. Heitstuman's involvement would meaningfully extend this litigation as it currently stands because Ms. Lauria is already litigating against the United States based on the same set of facts underlying her allegations against Mr. Heitstuman.[16]

## CONCLUSION

In light of the foregoing, Mr. Heitstuman's motion to set aside entry of default at Docket 36 is GRANTED. The Clerk of the Court is directed to set aside the entry of default at Docket 35.

DATED this 1st day of February, 2022 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[14] Docket 36.

[15] *See Falk*, 739 F.2d at 463 ("The standard [for prejudice] is whether [the other party's] ability to pursue [her] claim will be hindered.").

[16] *See* Docket 25.

Case No. 3:20-cv-00210-SLG, *Lauria v. United States, et al.*
Order re Motion to Set Aside Default
Page 4 of 4
Case 3:20-cv-00210-SLG   Document 44   Filed 02/01/22   Page 4 of 4