JOHN E. KUHN, JR.
United States Attorney

MARIE C. SCHEPERLE
SETH M. BEAUSANG
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
Email: Marie.Scheperle@usdoj.gov
Email: Seth.Beausang@usdoj.gov

Attorneys for Defendant United States

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANDREA LAURIA, | ) |
| Plaintiff, | ) Case No. 3:20-cv-00210-SLG |
| vs. | ) |
| UNITED STATES and BERT CHRISTOPHER HEITSTUMAN, | ) **UNITED STATES' MOTION TO STAY PROCEEDINGS** |
| Defendants. | ) |

## BACKGROUND

Plaintiff alleges that Bert Christopher Heitstuman, then employed with the Department of Homeland Security, sexually assaulted her on two occasions in September 2017 and subsequently stalked and harassed her through October 2017. [Dkt. 25 ¶¶ 6-20] Plaintiff brings intentional tort claims against Heitstuman, and alleges that the United States is vicariously liable for those torts under the Federal Tort Claims Act. [Dkt. 25 ¶¶ 21-47] Plaintiff also asserts a negligence claim against the United States, alleging that the United States knew that Heitstuman had a documented history of sexual misconduct while on duty and that the United States failed to exercise due care in hiring, training, and supervising Heitstuman. [Dkt. 25 ¶¶ 48-51] According to Plaintiff, the United States received numerous complaints between 2011 and 2018 that Heitstuman acted in a sexually inappropriate manner toward members of the public. [Dkt. 25 ¶¶ 18]

On February 25, 2021, Heistuman was indicted in Alaska Superior Court for sexually assaulting three women, other than Plaintiff, between 2012 and 2018, i.e., both before and after he allegedly assaulted Plaintiff. [Dkt. 25 ¶¶ 16-17] On March 14, 2022, the State of Alaska announced that Heitstuman had been indicted on two additional counts of sexual assault against a fourth victim in 2011 (also not Plaintiff). [Declaration of Melissa Vanek ¶ 4] Attorney D.

Scott Dattan represents Heitstuman in both the state criminal case and in this civil case.

The Federal Bureau of Investigation has led the criminal investigation that resulted in the state court indictments of Heitstuman. [Vanek Decl. ¶ 1] The FBI's criminal investigation is ongoing and the FBI is seeking additional information about Heitstuman. [Vanek Decl. ¶ 2] The lead FBI agent assigned to the criminal investigation, Special Agent Oberlander, is expected to be a witness for the State in the state criminal trial. [Vanek Decl. ¶ 4]

SA Oberlander will be an important witness for the United States in this civil case. SA Oberlander participated in a criminal investigation of Plaintiff's allegations in this case. [Vanek Decl. ¶ 3] Among other things, in in 2017 and 2018 SA Oberlander participated in separate interviews of Plaintiff and Heitstuman concerning the allegations in Plaintiff's complaint. [Vanek Decl. ¶ 3] During the interviews of Heitstuman after his indictment his attorney was present. [Vanek Decl. ¶ 3] SA Oberlander also took other actions to investigate Plaintiff's allegations, including assisting in the collection and review of text messages between Plaintiff and Heitstuman. [Vanek Decl. ¶ 3] SA Oberlander has important information about the credibility of Plaintiff's allegations. [Vanek Decl. ¶ 3]

# ARGUMENT

## I. Applicable law.

This Court has inherent authority to stay this action during the pendency of the related criminal proceedings when the stay is in the interest of justice. *See, e.g., Guerrero v. United States*, 2013 WL 12173599, at *2 (D. Ariz. July 2, 2013); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants.").

The key question is whether, in the absence of a stay, the parallel civil and criminal proceedings will result in "substantial prejudice to the rights of the parties involved." *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (citations omitted).

The Court's decision whether to stay this case should be made "in light of the particular circumstances and competing interests involved in the case." *Id.* (quoting *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)). The Court should consider the following factors:

(1) the extent to which the defendant's Fifth Amendment rights are implicated;
(2) the interest of the plaintiff in proceeding expeditiously with the civil litigation or any particular aspect of it, and the potential prejudice to plaintiff of a delay;

(3) the burden which any particular aspect of the proceedings may impose on the defendant;
(4) the convenience of the court in managing its cases and the efficient use of judicial resources;
(5) the interests of persons not parties to the civil litigation; and
(6) the interest of the public in the pending civil and criminal litigation.

*Id.*

## II. The relevant factors support a stay of this case for at least the pendency of Heitstuman's state criminal trial.

This case should be stayed for the pendency of Heitstuman's state criminal trial. As set forth below, the totality of the relevant factors weighs in favor of a stay.[1]

### 1. Heitstuman's Fifth Amendment rights are implicated.

Here, although Heitstuman has previously consented to interviews with the FBI after his indictment with his attorney present, Heitstuman will still have a strong incentive to invoke Fifth Amendment during this case. That likelihood is even greater because Plaintiff alleges that other potential criminal acts by Heitstuman are relevant to her claims. Plaintiff alleges that the United States was negligent because it received numerous complaints between 2011 and 2018 that Heitstuman acted in a sexually inappropriate manner toward

---

[1] If further charges are brought against Heitstuman related to this case, including federal charges, the Government may seek to extend the stay.

*Lauria v. United States Dep't of Homeland Security, et al.*
Case No. 3:20-cv-00210-SLG            5

members of the public, and failed to discipline him. That time frame aligns with the timing of the alleged acts for which Heitstuman is currently under indictment. To prove her negligence claim against the United States, Plaintiff will undoubtedly seek discovery from the United States and Heitstuman about the very acts for which Heitstuman is currently indicted. The close relationship between this case and the state criminal case weighs heavily in favor of a stay. *See, e.g.*, *L.C. v. Gilbert*, 2010 WL 1641533, at *2 (W.D. Wash. Apr. 21, 2010) ("When simultaneous civil and criminal proceedings involve 'the same or closely related facts,' Fifth Amendment concerns may be sufficient to warrant a stay.") (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)). "Some courts have gone so far as to recognize the extent of the overlap as the " 'most important factor.' " *Id.*

### 2. Plaintiff's interest in proceeding with this case is tempered by the absence of substantial prejudice.

The Government acknowledges Plaintiff's interest in moving forward with her case. However, she seeks money damages, which will be available even if there is a brief stay. The stay is expected to be relatively brief as the state criminal case is indicted and proceeding. *Cf. Molinaro*, 889 F.2d at 903 (noting that the rationale for a stay is "far weaker" in the absence of an indictment).

*Lauria v. United States Dep't of Homeland Security, et al.*
Case No. 3:20-cv-00210-SLG          6

### 3. The Government's ability to defend its case may be limited by the pending state criminal case.

At least until the state criminal case is resolved, the Government may be limited in its ability to defend this case. If Heitstuman asserts his Fifth Amendment right, the Government will not be able to obtain discovery from the other primary witness to the sexual assaults of Plaintiff that he is alleged to have committed. Plaintiff's ability to prove her case may be impacted for the same reason, or Plaintiff may obtain an advantage in the litigation if Heitstuman pleads the Fifth. *See, e.g.*, *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000) ("[I]n civil proceedings adverse inferences can be drawn from a party's invocation of this Fifth Amendment right.").

### 4. A stay would promote judicial economy.

A stay would assist the Court in the management of its cases and efficient use of judicial resources by allowing it to avoid having to resolve any potential discovery disputes associated with the ongoing state criminal case and federal investigation, including, for example, whether the law enforcement privilege applies to discovery requests by Plaintiff or Heitstuman.

### 5. The State's criminal case would be impacted in the absence of a stay.

Criminal discovery is substantially narrower than the broad discovery contemplated in civil actions. Discovery in this case could therefore adversely

*Lauria v. United States Dep't of Homeland Security, et al.*
Case No. 3:20-cv-00210-SLG 7

affect the state criminal prosecution. SA Oberlander could be deposed in this case, which could give Heitstuman's state criminal defense attorney a preview of the prosecution's case in the state criminal case, and divert the FBI's attention from the criminal case.

### 6. The strong public interest in the integrity of the criminal justice system outweighs the interest in the expeditious resolution of civil matters.

"The public has a strong interest in a well functioning criminal justice system." *Halliday v. Spjute*, 2008 WL 5068588, at *4 (E.D. Cal. Nov. 25, 2008). "Administrative policy gives priority to the public interest in law enforcement, such that a trial judge must give substantial weight to it in balancing the policy against the rights of a civil litigant in prompt determination of his claims." *Id.*; *cf. S.E.C. v. Alexander*, 2010 WL 5388000, at *6 (N.D. Cal. Dec. 22, 2010) ("[W]here a criminal case on the same matter is already underway, some courts have reasoned that the *criminal case* is of primary importance to the public, and that the public's strongest interest is in ensuring the integrity of the criminal proceeding"). This factor also weighs heavily in favor of a stay.

## CONCLUSION

For all of these reasons, the Court should grant the Government's motion to stay this case pending the resolution of Heitstuman's pending state criminal case.

*Lauria v. United States Dep't of Homeland Security, et al.*
Case No. 3:20-cv-00210-SLG          8

RESPECTFULLY SUBMITTED on April 1, 2022, at Anchorage, Alaska.

JOHN E. KUHN, JR.
United States Attorney

s/ Seth M. Beausang
Assistant U.S. Attorney
United States of America

s/ Marie C. Scheperle
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2022,
a copy of the foregoing was served electronically
on:

Mera Matthews
John Cashion

s/ Seth M. Beausang

*Lauria v. United States Dep't of Homeland Security, et al.*
Case No. 3:20-cv-00210-SLG          9