# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANDREA LAURIA,<br><br>                Plaintiff,<br><br>       v.<br><br>UNITED STATES OF AMERICA and BERT CHRISTOPHER HEITSTUMAN,<br><br>                Defendants. | Case No. 3:20-cv-00210-SLG |

## ORDER REGARDING MOTION TO STAY PROCEEDINGS

Before the Court at Docket 45 is Defendant United States' Motion to Stay Proceedings. Defendant Bert Christopher Heitstuman joined the Motion to Stay at Docket 47. Plaintiff Andrea Lauria responded in opposition at Docket 48. Defendant United States replied at Docket 51. Oral argument was not requested and was not necessary to the Court's determination.

### I. Background

Ms. Lauria initiated this Federal Tort Claims Act action in August 2020 against the United States and Mr. Heitstuman, a former employee of the Department of Homeland Security (DHS).[1] Ms. Lauria contends Mr. Heitstuman assaulted, battered, stalked, and harassed her while he was acting in his official

---

[1] Docket 1.

capacity or within the scope of his employment and that the United States is both directly and vicariously liable for Mr. Heitstuman's actions.[2] She also asserts state law claims against Mr. Heitstuman.[3]

Mr. Heitstuman is also the defendant in a state criminal case, *State of Alaska v. Bert Christopher Heitstuman*, which was initially indicted in February 2021. In that case, Mr. Heitstuman is charged with eight counts of Sexual Assault in the Second Degree and one count of Sexual Assault in the First Degree.[4] That case is based on allegations that Mr. Heitstuman sexually assaulted four woman between 2011 and 2018.[5] None of the state criminal charges relate to Plaintiff Lauria, and she is not an alleged victim in the state criminal case.

Defendants seek to stay this federal civil case until Mr. Heitstuman's state criminal case has been resolved.[6] Plaintiff opposes a stay.

## II. Applicable law

"The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case.'"[7] When considering a stay in this

---

[2] Docket 25.

[3] Docket 25.

[4] *State of Alaska v. Heitstuman*, Case No. 3AN-21-01430CR.

[5] Docket 45 at 2; Docket 50.

[6] Docket 45-1; Docket 47.

[7] *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (quoting *Federal Sav. &*

Case No. 3:20-cv-00210-SLG, *Lauria v. United States and Heitstuman*
Order Re Motion to Stay Proceedings
Page 2 of 11
Case 3:20-cv-00210-SLG   Document 53   Filed 06/02/22   Page 2 of 11

situation, courts weigh (1) "the extent to which the defendant's fifth amendment rights are implicated," (2) "the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;" (3) "the burden which any particular aspect of the proceedings may impose on defendants;" (4) "the convenience of the court in the management of its cases, and the efficient use of judicial resources;" (5) "the interests of persons not parties to the civil litigation;" and (6) "the interest of the public in the pending civil and criminal litigation."[8] Here, Defendants bear "the burden of showing that the circumstances justify an exercise of [the Court's] discretion" to stay the case, as they are requesting the stay.[9]

### III. The relevant factors weigh against staying this case.

"While a district court may stay civil proceedings pending the outcome of parallel criminal proceedings, such action is not required by the Constitution."[10] Indeed, "[i]n the absence of substantial prejudice to the rights of the parties involved, such parallel proceedings are unobjectionable under our jurisprudence."[11] The Court has weighed the relevant factors and the parties'

---

*Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)).

[8] *Keating*, 45 F.3d at 325 (citing *Molinaro*, 889 F.2d at 903).

[9] *Nken v. Holder*, 556 U.S. 418, 433–34 (2009).

[10] *Molinaro*, 889 F.2d at 902 (citing *Securities & Exchange Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980)).

[11] *Dresser*, 628 F.2d at 1374.

Case No. 3:20-cv-00210-SLG, *Lauria v. United States and Heitstuman*
Order Re Motion to Stay Proceedings
Page 3 of 11
Case 3:20-cv-00210-SLG   Document 53   Filed 06/02/22   Page 3 of 11

positions on each factor. The Court finds that, on balance, the factors weigh against staying this case pending resolution of the state criminal case.

### 1. The extent to which Defendant Heitstuman's Fifth Amendment rights are implicated.

Mr. Heitstuman has indicated that he "will indeed invoke his 5th Amendment privilege if this matter were to proceed prior to resolution of the charges filed by the State of Alaska."[12] However, while "the extent to which the defendant's Fifth Amendment rights are implicated is a significant factor . . . it is only one consideration to be weighed against others."[13] "A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege . . . . [It is] permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege[.]"[14] Further, "a stay is not warranted where a defendant's Fifth Amendment rights can be protected through less drastic means, such as asserting the privilege on a question-by-question basis."[15]

Nonetheless, one of "the strongest case[s] for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for

---

[12] Docket 47.

[13] *Keating*, 45 F.3d at 326 (citing *Molinaro*, 889 F.2d at 902).

[14] *Keating*, 45 F.3d at 326 (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)).

[15] *ESG Cap. Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1045–46 (C.D. Cal. 2014) (internal quotation and citation omitted).

Case No. 3:20-cv-00210-SLG, *Lauria v. United States and Heitstuman*
Order Re Motion to Stay Proceedings
Page 4 of 11
Case 3:20-cv-00210-SLG   Document 53   Filed 06/02/22   Page 4 of 11

a serious offense is required to defend a civil or administrative action involving the same matter."[16]  One of the complications in the instant case is that Defendant Heitstuman is not charged with any crime involving Plaintiff Lauria.  Thus, even if his state criminal case is resolved, he will still be able to invoke his Fifth Amendment privilege in this civil case, at least until the statute of limitations has run on any possible crime he may have committed involving Plaintiff Lauria.[17]  In short, while Defendant Heitstuman's Fifth Amendment rights are implicated, the resolution of the criminal case will not alter his ability to invoke his Fifth Amendment rights, so this impact on him is not significant enough alone to require a stay.

**2. Plaintiff's interests in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to Plaintiff of a delay.**

Plaintiff Lauria has an interest in the timely resolution of her case, and her interest is not mitigated or vindicated by the pending criminal case because she is not an alleged victim in that case.  Her case has already been pending for almost two years, albeit during the COVID-19 pandemic.  The underlying alleged incident occurred in 2017, almost five years ago, thus any "further delay poses a ...

---

[16] *Dresser*, 628 F.2d at 1375–76.

[17] *United States v. Antelope*, 395 F.3d 1128, 1134 (9th Cir. 2005) (quoting *Brown v. Walker*, 161 U.S. 591-598 (1896) for the proposition that "if a prosecution for a crime . . . is barred by the statute of limitations, [a witness] is compellable to answer"); *Frierson v. Woodford*, 463 F.2d 982, 988 & n. 5 (9th Cir. 2006) (holding that there was no basis for a witness to invoke the Fifth Amendment privilege because the statute of limitations had passed for the relevant crimes).

Case No. 3:20-cv-00210-SLG, *Lauria v. United States and Heitstuman*
Order Re Motion to Stay Proceedings
Page 5 of 11
Case 3:20-cv-00210-SLG   Document 53   Filed 06/02/22   Page 5 of 11

heightened risk that witnesses will forget important details, lose or abandon critical evidence, and pass away from age or other circumstances."[18]

Defendant United States asserts that "[t]he stay is expected to be relatively brief as the state criminal case is indicted and proceeding," but offers no information to support this assertion.[19] The Court has reviewed the state court docket in the criminal case. In the past five months, six hearings have been scheduled: Three were discovery hearings that were continued at the request of the defense, one was a discovery hearing that was vacated and a bench warrant was issued, and one hearing was the arraignment on an amended indictment. The next hearing is a discovery hearing scheduled to occur in approximately six weeks. Notably, no trial date has been scheduled in the criminal case.[20] As this criminal case does not appear to be progressing and no trial date has been set, Defendants are effectively requesting a stay of unknown length. To pause this case for an unknown amount of time impairs Plaintiff Lauria's interests and weighs against a stay. Indefinite stays are disfavored, and "a stay should not be granted unless it

---

[18] *See Roberts v. Cnty. of Riverside*, Case No. EDCV 19-1877 JGB (SHKx), 2020 WL 5046179, at *3 (C.D. Cal. May 6, 2020); *Carlson v. City of Redondo Beach*, Case No. 22000259ODWAFMX, 2020 WL 7714699, at *3 (C.D. Cal. Dec. 29, 2020) (expressing concern for lost witnesses or evidence when "the underlying incident occurred almost two years ago").

[19] Docket 45 at 6.

[20] *See, e.g., Securities & Exchange Comm. v. Boucher*, Case No. 3:20-cv-1650-DMS, 2021 WL 5178519, at *3 (S.D. Cal. Nov. 8, 2021) (finding that plaintiff's interest weighed against a stay when plaintiff's civil case had been pending for more than a year and there was no trial date set in the related criminal case).

Case No. 3:20-cv-00210-SLG, *Lauria v. United States and Heitstuman*
Order Re Motion to Stay Proceedings
Page 6 of 11
Case 3:20-cv-00210-SLG   Document 53   Filed 06/02/22   Page 6 of 11

appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."[21]

Moreover, the status of the criminal investigation into Defendant Heitstuman is unclear but suggests that the criminal case will be further delayed. Defendant United States asserts that "[t]he FBI's criminal investigation is ongoing and the FBI is seeking additional information about Heitstuman"[22] but, perhaps understandably, provides no other facts concerning the status of the criminal investigation. Regardless, the ongoing nature of the investigation does not weigh in *favor* of a stay, as Defendant United States asserts, instead it weighs *against* a stay. However, even if additional charges were brought against Defendant Heitstuman, this would not greatly alter the analysis because he is already in the position of having to defend against both civil and criminal allegations. If a stay is especially long or its term is indefinite, a greater showing is required to justify it,

---

[21] *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979); *accord Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007) (""Generally, stays should not be indefinite in nature.").

[22] Docket 45 at 3.

Case No. 3:20-cv-00210-SLG, *Lauria v. United States and Heitstuman*
Order Re Motion to Stay Proceedings
Page 7 of 11
Case 3:20-cv-00210-SLG   Document 53   Filed 06/02/22   Page 7 of 11

and the Court should "balance the length of any stay against the strength of the justification given for it."[23]  Accordingly, this factor weighs against a stay.

### 3. The burden that any particular aspect of the proceedings may impose on Defendants.

As to Defendant Heitstuman, the challenges he may face in defending against two parallel actions are manageable, particularly where he is represented by the same counsel in both cases.[24]  Moreover, there is not an extensive degree of overlap between the criminal and civil cases: Whether Defendant Heitstuman committed the alleged sexual assaults as indicted in state court is distinct from whether he committed the assault, battery, harassment, and stalking as alleged by Plaintiff Lauria.  Moreover, he may assert his Fifth Amendment rights as needed and may seek protective orders regarding discovery as warranted.  Thus, the burden on Defendant Heitstuman is not so great as to foreclose a stay.

The Court has given serious consideration to the fact that Mr. Heitstuman is not the only defendant in this civil case, as the United States—which is not a party to the state criminal case—is also a defendant here.  Defendant United States maintains that "until the state criminal case is resolved, the Government may be limited in its ability to defend this case.  If Heitstuman asserts his Fifth Amendment right, the Government will not be able to obtain discovery from the other primary

---

[23] *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).

[24] Docket 45 at 2–3.

Case No. 3:20-cv-00210-SLG, *Lauria v. United States and Heitstuman*
Order Re Motion to Stay Proceedings
Page 8 of 11
Case 3:20-cv-00210-SLG   Document 53   Filed 06/02/22   Page 8 of 11

witnesses to the sexual assaults of Plaintiff that he is alleged to have committed."[25] However, Defendant United States does not explain how Defendant Heitstuman's invocation of privilege would prevent it from accessing witnesses or discovery related to the alleged assault of Plaintiff Lauria, since presumably Plaintiff Lauria could provide the names of those witnesses.

### 4. The convenience of the Court in the management of its cases, and the efficient use of judicial resources.

This Court has an interest in clearing its docket, and this case has been pending for almost two years with very little progression. "Staying a civil case until the resolution of a criminal case is inconvenient for the court, especially where . . . there is no date set for the criminal trial."[26] Judicial efficiency is not furthered by waiting indefinitely for a resolution of a case still under investigation. Moreover, because the state court case does not involve Plaintiff Lauria, the resolution of that case does not directly affect the potential resolution of this case. This factor weighs against a stay.

### 5. The interests of persons not parties to the civil litigation.

In this case, the persons who are not parties to the civil litigation that may have an interest are the State of Alaska and the alleged victims in the state criminal case. Defendant United States contends that "a protective order could not prevent

---

[25] Docket 45 at 7.

[26] *Stratos*, 22 F. Supp. 3d at 1047.

Case No. 3:20-cv-00210-SLG, *Lauria v. United States and Heitstuman*
Order Re Motion to Stay Proceedings
Page 9 of 11
Case 3:20-cv-00210-SLG   Document 53   Filed 06/02/22   Page 9 of 11

Heitstuman from using discovery in this case to obtain a preview of the prosecution's case in the criminal case, including deposing the victims in the criminal matter, deposing the federal agents, and serving requests for production, interrogatories, and requests for admission."[27] However, Defendant United States has not explained why Defendant Heitstuman would be allowed to depose alleged victims in the state criminal case, when those alleged victims have no role in the instant civil case, or specifically how the State of Alaska would be harmed.

Moreover, "courts have found this factor salient in the *Keating* analysis where the third-parties at issue *had a direct interest* in the outcome of the litigation."[28] Defendants have not asserted or explained how either the State of Alaska or the alleged state victims have a direct interest in the outcome of Ms. Lauria's lawsuit. Rather, any interest that the State of Alaska and the alleged state victims may have in this action appears minimal and collateral. At best, this factor is neutral.

**6. The interest of the public in the pending civil and criminal litigation.**

Surely there is a public interest in prompt resolution of cases such as this that involve allegations of a federal law enforcement officer engaging in assault,

---

[27] Docket 51 at 6.

[28] *See, e.g., Petrov v. Alameda Cnty.*, Case No. 16-cv-04323-YGR, 2016 WL 6563355, at *6 (N.D. Cal. Nov. 4, 2016) (emphasis added) (citing *Consumer Fin. Prot. Bureau v. Global Fin. Support, Inc.*, Case No. 15-CV-02440-GPC, 2016 WL 2868698, at *5 (S.D. Cal. May 17, 2016); *S.E.C. v. Alexander*, Case No. 10-CV-04535-LHK, 2010 WL 5388000, at *6 (N.D. Cal. Dec. 22, 2010).

Case No. 3:20-cv-00210-SLG, *Lauria v. United States and Heitstuman*
Order Re Motion to Stay Proceedings
Page 10 of 11
Case 3:20-cv-00210-SLG   Document 53   Filed 06/02/22   Page 10 of 11

battery, harassment, and stalking while acting in the scope of his governmental employment.[29]  The public has an interest in ensuring that officers who engage in this type of alleged behavior are held accountable by civil plaintiffs. The public is not served by allowing lengthy state criminal proceedings to postpone the resolution of civil litigation against governments and their agents in these circumstances.

Weighing all the *Keating* factors, the Court determines that a stay pending the criminal investigation and state criminal case is not justified at this time.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that the motion at Docket 45 is DENIED without prejudice to renew as warranted.

DATED this 2nd day of June, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[29] *See Keating*, 45 F.3d at 326.

Case No. 3:20-cv-00210-SLG, *Lauria v. United States and Heitstuman*
Order Re Motion to Stay Proceedings
Page 11 of 11
Case 3:20-cv-00210-SLG   Document 53   Filed 06/02/22   Page 11 of 11